```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE WESTERN DISTRICT OF TENNESSEE
                          WESTERN DIVISION
_____

                                  ◊
KIMBERLY ROBINSON BYARS,          ◊
                                  ◊
       Plaintiff,                 ◊
                                  ◊
vs.                               ◊      No. 04-2939-Ml/V
                                  ◊
JOHN E. POTTER,                   ◊
POSTMASTER GENERAL,               ◊
UNITED SATES POSTAL SERVICE,      ◊
                                  ◊
       Defendant.                 ◊
                                  ◊
_____

            ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
                 ORDER OF DISMISSAL WITH PREJUDICE
          ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
                                AND
                ORDER ASSESSING APPELLATE FILING FEE
_____
```

Plaintiff, Kimberly Robinson Byars, filed this *pro* *se* employment discrimination complaint under Title VII of the Civil Rights Act of 1964. The Defendant filed his answer on April 4, 2005. On November 14, 2005, the Defendant filed a motion to compel Plaintiff's responses to Defendant's interrogatories and requests for production. United States Magistrate Judge Diane Vescovo entered a scheduling order on December 5, 2005, which granted the Defendant's motion to compel and directed Plaintiff to serve her responses on the Defendant within ten (10) days of the entry of the order. Judge Vescovo's order stated, in part:

> The plaintiff is warned that failure to comply with further discovery requests and orders of this court may result in dismissal of her lawsuit.

On January 9, 2006, the defendant filed a motion to dismiss pursuant to Fed. Rule Civ. P. 41(b) due to plaintiff's failure to prosecute and her failure to comply with the rules of civil procedure.  Plaintiff filed no response to the motion to dismiss.  The defendant's motion to dismiss is based upon plaintiff's failure to provide Rule 26 disclosures, failure to respond to the order granting the motion to compel, and failure to respond to a message left on Plaintiff's voicemail notifying her that her responses were past due.  Plaintiff has not notified the Court of any reason for her failure to comply with Judge Vescovo's order or her failure to respond to the motion to dismiss.

Defendant's motion to dismiss is well taken.  Local Rule 7.2(a)(2) provides that "[f]ailure to respond timely to any motion . . . may be deemed good grounds for granting the motion." Plaintiff has failed to participate in discovery and failed to comply with Judge Vescovo's order, without explanation.  Additionally, the first order in this case entered by the Court on December 28, 2004, advised plaintiff that:

> Failure to comply with these requirements, or any other order of the Court, may result in this case being dismissed without further notice.

A pro se plaintiff's complaint may be dismissed when the plaintiff has been directed to comply with a court order and has been given notice that dismissal will be the penalty for failure to comply. Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991)(holding that dismissal is appropriate when a party fails to comply with

readily comprehensible instructions in court order); <u>Harris v. Callwood</u>, 844 F.2d 1254, 1256 (6th Cir. 1988).

A dismissal with prejudice under Rule 41(b) is warranted only when a "clear record of delay or contumacious conduct by plaintiff exists and a lesser sanction would not better serve the interests of justice." <u>Consolidation Coal Co. v. Gooding</u>, 703 F.2d 230, 233 (6th Cir. 1983)(quoting <u>Gonzales v. Firestone Tire & Rubber Co.</u>, 610 F.2d 241 (5th Cir. 1980)). Here, plaintiff's failure to participate in discovery, her failure to respond to the motion to dismiss, and her marked lack of diligence in familiarizing herself with the Federal Rules of Civil Procedure and the local rules of this Court, constitutes such "bad faith or contumacious conduct" in failing to prosecute this action as to justify dismissal with prejudice. <u>See</u> <u>Carver v. Bunch</u>, 946 F.2d 451, 454 (6th Cir. 1991).

Accordingly, pursuant to Rule 41(b), plaintiff's complaint is DISMISSED WITH PREJUDICE for failure to prosecute and failure to comply with the order of the Court.

As the complaint is being dismissed because the plaintiff plainly failed to comply with the Court's order, there is no basis for any appeal in this matter. It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by plaintiff is not taken in good faith and plaintiff may not proceed on appeal <u>in</u> <u>forma</u> <u>pauperis</u>.

If plaintiff files a notice of appeal, she must pay the entire $455 filing fee required by 28 U.S.C. §§ 1913 and 1917.[1] The entire filing fee must be paid within thirty days of the filing of the notice of appeal.  See McGore v. Wrigglesworth, 114 F.3d 601 (6th Cir. 1997); Floyd v. United States Postal Service, 105 F.3d 274 (6th Cir. 1997).  By filing a notice of appeal, the plaintiff becomes liable for the full amount of the filing fee, regardless of the subsequent progress of the appeal.  If the plaintiff fails to comply with the above assessment of the appellate filing fee within thirty days[2] of the filing of the notice of appeal or the entry of this order, whichever occurs later, the district court will notify the Sixth Circuit, which will dismiss the appeal.  If the appeal is dismissed, it will not be reinstated once the fee is paid.  McGore, 114 F.3d at 610.

IT IS SO ORDERED this 30th day of June, 2006.

/s/ Jon P. McCalla
JON PHIPPS MCCALLA
UNITED STATES DISTRICT JUDGE

---

[1] The fee for docketing an appeal is $450.  See Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913.  Under 28 U.S.C. § 1917, a district court also charges a $5 fee:

> Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari $5 shall be paid to the clerk of the district court, by the appellant or petitioner.

[2] The district court may extend this deadline one time by thirty days if the motion to extend is filed within the meaning of Houston v. Lack, 487 U.S. 266 (1988), and Fed. R. App. P. 4(c) before the expiration of the original deadline.  McGore, 114 F.3d at 610.